27 Mass. App. Ct. 25                                    25

Cellarmaster Wines of Massachusetts, Inc. *v.* Alcoholic Beverages Control Commission.

CELLARMASTER WINES OF MASSACHUSETTS, INC. *vs.*
ALCOHOLIC BEVERAGES CONTROL COMMISSION.

No. 88-P-151.

Suffolk. January 12, 1989. — February 21, 1989.

Present: GREANEY, C.J., DREBEN, & WARNER, JJ.

*Alcoholic Liquors,* License. *Notice,* Violation of alcoholic beverages licensing requirement. *Estoppel.*

The Alcoholic Beverages Control Commission properly concluded that a licensee's promotional practice of conducting off-premises wine tasting sessions violated the provisions of G. L. c. 138, § 15, as amended by St. 1981, c. 177. [27-28]

There was no merit to a liquor licensee's contentions that it was given inadequate notice of violations considered by the Alcoholic Beverages Control Commission [28], and that the licensee was arbitrarily singled out for enforcement proceedings [29].

No factual or legal basis appeared for the application of the doctrine of estoppel against the enforcement of a statute by the Alcoholic Beverages Control Commission. [29]

CIVIL ACTION commenced in the Superior Court Department on July 23, 1987.

The case was heard by *Walter E. Steele,* J.

*Michael Eby* for the plaintiff.

*Sarah Wunsch,* Assistant Attorney General (*Douglas Cummings* with her) for the defendant.

*Evan T. Lawson,* for Fine Wine Council of Massachusetts, Inc., & another, amici curiae, submitted a brief.

WARNER, J. The plaintiff holds a package store license for the sale of wines and malt beverages from its premises at 186 South Street, Boston. The only issue presented by this appeal is the validity of orders of the defendant (commission) that the plaintiff stop advertising and conducting wine tasting sessions at locations off the licensed premises. A Superior Court judge, after review of the administrative record, see G. L. c. 30A,

§ 14, made a memorandum and order for judgment affirming the commission's actions. From the ensuing judgment, the plaintiff appeals.[1]

The plaintiff's license, issued by the Boston Licensing Board and approved by the commission pursuant to G. L. c. 138, § 15, authorizes the retail sale of malt beverages and wines from the premises at 186 South Street. Since the granting of the license in 1984, the appearance of the premises and the method of operation of the business have been atypical. There was no exterior sign indicating the nature of the plaintiff's business. There were on display relatively few bottles of wine, along with some wine glasses and accessories. Sales representatives conducted business by telephone in several cubbyholes with desks. Using mail advertising, the plaintiff solicits participation, without charge, in wine tastings in private homes and offices in eastern Massachusetts; the lure is the discovery of the "personality" and "character" of wines which will become favorites.

The plaintiff employs several wine consultants who are trained to conduct wine tasting sessions and to instruct the participants in proper methods of evaluating and using wine. The consultants bring sample wines to the home or office where they "extol the virtues and excellence" of the wines they carry with them. They instruct on the importance of appearance, bouquet, taste[2] and desirable twirling and swirling exercises. Attendants are not permitted to buy or order wine at the tasting sessions, although they are given price ranges. Rather, they are asked to record preferences on the plaintiff's forms, which are then brought to the licensed premises by the consultants. Thereafter, the plaintiff's sales representatives may make telephone contact with a participant for the purpose of consummat-

---

[1] The Fine Wine Council of Massachusetts, Inc., and Silenus Wines, Inc., filed an amici curiae brief.

[2] The promotional literature says that a "bouquet may remind you of old vanilla, cool moss by a brook or fresh flowers." Elements of taste include body and depth. The rhapsody continues. A taste of a full bodied wine "fills the mouth." A wine with depth has a taste "that lasts into the aftertaste like an echo of your first sip."

ing a sale, or the latter may initiate an order at the plaintiff's premises. The consultants are paid by commissions on the basis of sales generated by each wine tasting session.

The commission reasoned, in essence, that the plaintiff's off-premises wine tasting activities violated the provisions of G. L. c. 138, § 15, under which the plaintiff was licensed. Section 15 permits, as to the plaintiff, the sale of malt beverages and wines to be consumed off the plaintiff's premises. By St. 1981, c. 177, § 15, was amended to provide: "Any such licensee may provide, without charge, on premises sample wine tastings for prospective customers of wines available for sale on such premises." Thus, the commission concluded, as off-premises wine tastings are not expressly allowed, they are beyond the privilege granted by the plaintiff's license. In affirming, the Superior Court judge said that the plain meaning of § 15 required the result. To hold otherwise, he concluded, would render the words "on premises" in the 1981 amendment superfluous and violate the maxim of statutory construction that the expression of one thing is an implied exclusion of others. The plaintiff argues that as its wine tasting activities are not expressly prohibited and do not involve sales, there is no violation of § 15.

1. We think the analysis necessary to resolution of the question whether the plaintiff's off-premises wine tasting activities constituted a violation of G. L. c. 138, § 15, is quite direct. Regulation of the liquor industry in Massachusetts is comprehensive and pervasive. See G. L. c. 138. "The powers of the States in dealing with the regulation of the sale of intoxicating liquors are very broad. What they may wholly prohibit, they may permit only on terms and conditions prescribed by the Legislature." *Connolly* v. *Alcoholic Beverages Control Commn.*, 334 Mass. 613, 619 (1956). See *Johnson* v. *Martignetti*, 374 Mass. 784, 793 (1978). The Legislature has set out a broad prohibition in the first sentence of G. L. c. 138, § 2, as appearing in St. 1943, c. 542, § 1, which provides, in material part: "No person shall . . . sell or expose or keep for sale, store, transport . . . alcoholic beverages or alcohol, *except as authorized by this chapter*" (emphasis supplied). The plaintiff's argument that what is not expressly prohibited is allowed

is, in this context, fundamentally mistaken. Under its license, the plaintiff could lawfully conduct business only in the manner authorized by G. L. c. 138, § 15. That authorization does not include off-premises wine tasting. See *M. H. Gordon & Son, Inc.* v. *Alcoholic Beverages Control Commn.*, 371 Mass. 584, 589 (1976). The failure of the commission's regulation permitting wine tastings to distinguish those which are held on and off premises is of no significance. See 204 Code Mass. Regs. § 4.04 (1986). The regulation cannot, of course, contradict the statute.

The plaintiff also argues that as the commission did not charge, nor did there occur, any sale at any wine tasting, there was no violation of G. L. c. 138, § 15. This contention, like others made by the plaintiff, ignores the sweep of G. L. c. 138, § 2.[3] That section prohibits a variety of activities involving alcoholic beverages, including exposure for sale, "except as authorized by this chapter." We have described the plaintiff's relevant activities. It cannot reasonably be questioned that the plaintiff was exposing its wines for sale at wine tasting sessions. This method of operation was an integral part of the marketing strategy used by the plaintiff. In a procedures memorandum to wine consultants, the plaintiff says: "Although the wine sampling itself is an educational and promotional tool, it is important that we be able to follow-up by subsequently offering our fine wines for sale to the participants at the tasting."

2. There is nothing in the plaintiff's claim that it was given inadequate notice of the charges. The notice made specific reference to G. L. c. 138, § 15, and the 1981 amendment permitting on-premises wine tasting. The plaintiff was given access to the commission's file which contained a copy of the investigator's detailed report. The record of the hearing before the commission shows that the plaintiff was well prepared, and the plaintiff points to no prejudice. See *Aristocratic Restaurant, Inc.* v. *Alcoholic Beverages Control Commn.*, 374 Mass. 547, 551 (1978).

---

[3] Nowhere in its main or reply brief does the plaintiff cite or discuss § 2.

3. There is no merit in the plaintiff's claim that it was arbitrarily singled out for enforcement proceedings for the reason, if no other, that there was no showing that the commission knew that others were engaged in the same or similar practices.

4. The plaintiff seems to contend that unrebutted evidence established that its marketing practices were fully disclosed to the Boston Licensing Board prior to the issuance of its license and, therefore, the commission is now estopped from prohibiting that conduct. Even assuming the plaintiff's evidentiary position to be correct (a matter of substantial doubt), there is no factual or legal basis in the record for the application of the doctrine of estoppel. There was no evidence that the commission had approved the plaintiff's methods of operation. This is not a case where the commission had rendered prior inconsistent rulings. Compare *Boston Gas Co.* v. *Department of Pub. Utils.*, 367 Mass. 92 (1975). See *Western Massachusetts Elec. Co.* v. *Department of Pub. Utils.*, 373 Mass. 227, 234-235 (1977). Moreover, especially where, as here, a legislatively declared important public interest is involved, estoppel is not applied against the enforcement of a statute. See *New York City Hotel Co.* v. *Alcoholic Beverages Control Commn.*, 347 Mass. 539, 542 (1964); *LaBarge* v. *Chief Administrative Justice of the Trial Court*, 402 Mass. 462, 468 (1988); *Gamache* v. *Mayor of North Adams*, 17 Mass. App. Ct. 291, 294 (1983). Cf. *Johnson* v. *Martignetti*, 374 Mass. at 790.

*Judgment affirmed.*