AETNA CASUALTY & SURETY COMPANY *vs.* CONTINENTAL
CASUALTY COMPANY.

Franklin. September 9, 1992. - December 10, 1992.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & GREANEY, JJ.

*Insurance*, Liability insurance, Insurer's obligation to defend. *Practice, Civil*, Appeal, Record.

An "escape clause" in a liability insurance policy, providing that coverage of the insured's costs of defending an action was contingent on the absence of other coverage of those costs, relieved the insurer of liability where the insured had another policy of insurance that did not disclaim or limit its coverage if other insurance coverage were involved. [732-733]

In a civil action, this court declined to consider an argument that a party who did not appeal was entitled to a judgment more favorable to it than that which was entered in the Superior Court. [733-734]

In a civil action, a party was not entitled to present on appeal an argument that depended on facts not established in the record. [734-735]

CIVIL ACTION commenced in the Superior Court Department on May 8, 1987.

The case was heard by *William H. Welch*, J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*T. Andrew Culbert* of Pennsylvania (*Terrance J. Hamilton* with him) for the defendant.

*William W. Adams* for the plaintiff.

WILKINS, J. The plaintiff (Aetna) and the defendant (Continental) disagree over their respective obligations to pay for the costs of defense of an action brought against the Mohawk Trail Regional School District Committee (Mohawk), which both Aetna and Continental insured at the relevant times. The motion judge decided that the costs of defense

should be shared equally. We conclude that judgment should be entered placing the entire cost of defense on Aetna.

Mohawk discharged an employee in April, 1983, based on accusations that she had stolen money from the school. The employee sued the school committee and certain school employees, alleging slander, breach of contract, interference with contract, malicious procurement of discharge, malicious infliction of emotional distress, and denial of due process of law. Continental had issued a board of education liability insurance policy covering Mohawk. That policy provided for reimbursement of Mohawk for losses paid, including defense costs, due to certain wrongful acts committed by an insured. Aetna, in turn, had issued Mohawk a special multi-peril policy with a general liability coverage section which included a duty to defend the insured for covered claims. The Aetna liability limit was $300,000.

Aetna agreed to defend all counts alleged in the former employee's action, but, contrary to its usual practice and apparently without objection from Mohawk, did not pay Mohawk's legal expenses as they were incurred. The employee's action was settled. Continental paid $15,000; Aetna paid $5,000. Mohawk had incurred legal fees and expenses amounting to approximately $50,000. Aetna paid Mohawk one-half of its defense costs. Continental made an offer to pay only $4,000 toward those expenses. Mohawk then commenced this action against each insurer, seeking reimbursement of the remaining, unpaid costs of defense. Each insurer alleged a cross claim in this action against the other. Aetna settled with Mohawk, which assigned to Aetna its claims against Continental.

The issue of the insurers' respective liabilities for the costs of defense was presented on cross-motions for summary judgment on an agreed record that presented only a question of law. The ultimate question presented was whether Aetna alone was liable or whether each insurer was liable in some proportionate amount for the cost of Mohawk's defense. Aetna agreed in the Superior Court that, under its policy, it had a clear duty to defend the slander count alleged against

Mohawk. Aetna made no claim that its duty under its policy did not extend to the defense of all counts.[1] Continental argued that it was not obliged to pay anything toward Mohawk's defense costs, asserting that its policy required it to reimburse Mohawk only for any loss, including defense costs, that Mohawk "shall become legally obligated to pay," and that there was no such legal obligation because Aetna had a duty to pay all defense costs.

Where there are two policies of insurance, each of which would provide complete coverage of defense costs in the absence of the other policy, the issue of liability for those costs is to be resolved by considering the provisions of the respective policies. See *Mission Ins. Co.* v. *United States Fire Ins. Co.*, 401 Mass. 492, 495-497 (1988). The motion judge concluded that the "other insurance" clauses in the respective policies were mutually repugnant and allocated the burden of Mohawk's defense costs equally. Continental alone appealed, and we transferred the appeal to this court.

The provisions of each policy concerning other insurance can be reconciled readily. The Continental policy had what is known as an "escape" clause. It provided, as an exclusion, that Continental "shall not be liable to make any payment for loss in connection with any claim against the Assureds: (1) which is insured by another valid policy" (with an exception not relevant on the question before us). The Aetna policy was such "another valid policy" because it did not disclaim or limit its coverage if there were other insurance coverage involved. It stated that "[t]he insurance afforded by this policy is primary insurance, except [when otherwise stated]." It continued: "When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount

---

[1]Although Massachusetts law does not yet provide an answer, the weight of authority places the duty to defend all counts on an insurer which has a duty to defend at least one count of a complaint, barring a contrary agreement with the insured. See 7C J.A. Appleman, Insurance Law and Practice § 4684.01, at 102 (rev. ed. 1979 & 1991 Supp.); A. Windt, Insurance Claims and Disputes § 4.12 (2d ed. 1988 & 1992 Cum. Supp.).

of the Company's liability under this policy shall not be reduced by the existence of such other insurance." The Continental coverage of defense costs was contingent on the absence of other coverage of those costs. There was other coverage, and the Aetna policy clearly pronounces that it will stand by its insured to the amount of its liability stated in its policy despite other coverage that is stated to be excess or contingent. We shall give effect to the "escape" clause of Continental's policy. See *Transamerica Ins. Group* v. *Turner Constr. Co.*, 33 Mass. App. Ct. 446, 451 (1992); 8A J.A. Appleman & J. Appleman, Insurance Law and Practice § 4910, at 458 (2d ed. 1981 & 1992 Cum. Supp.).

The Court of Appeals for the First Circuit recently was presented with a similar issue, involving Massachusetts law and policy language that is identical to that involved here. See *Continental Casualty Co.* v. *Canadian Universal Ins. Co.*, 924 F.2d 370, 375-376 (1st Cir. 1991).[2] That court correctly anticipated principles that we apply here.

In this appeal, Aetna has totally abandoned the argument that it made successfully below (the same one that we have just rejected). It no longer argues that a repugnancy between the two coinsurance clauses requires that each insurer contribute toward Mohawk's defense costs.[3] Instead, Aetna now argues a theory that it did not press in the Superior Court,

---

[2]Continental was involved in that case in the same status as here and the significant language of its policies there and in this case is the same. The policy of the Canadian Universal Insurance Company, which stood in that case in the same position as Aetna in this case, had language identical to the other insurance provision of the Aetna policy quoted above. See *Continental Casualty Co.* v. *Canadian Universal Ins. Co.*, *supra* at 375.

It is true that the case in the Court of Appeals for the First Circuit involved the insurers' respective obligations as to amounts paid to claimants against the insured and not, as here, the costs of defense. Barring policy language (or a separate agreement) calling for different treatment, if an "other insurance" clause includes defense costs within "other insurance," we should distribute defense costs in the same way that we would distribute the obligation to pay losses.

[3]The judge's findings and rulings in this case were entered over a year before the 1991 opinion in *Continental Casualty Co.* v. *Canadian Universal Ins. Co.*, *supra*, was issued.

one that repudiates its previous position. Aetna now contends that it had no duty to defend Mohawk because the complaint against Mohawk alleged no claim falling within the coverage of the Aetna policy. See *Sterilite Corp.* v. *Continental Casualty Co.*, 17 Mass. App. Ct. 316, 318 (1983). Although Aetna has not appealed, it asks us to order judgment against Continental alone for all of Mohawk's costs of defense because, Aetna now claims, Continental's policy was the only one providing coverage within the scope of the allegations of the complaint filed against Mohawk. Aetna argues that, under its new theory, all costs of defense should be placed on Continental.

We reject Aetna's belated argument. Because Aetna has not appealed, we decline to order entry of a judgment that is more favorable to it than that entered in the Superior Court. See *Boston Edison Co.* v. *Boston Redevelopment Auth.*, 374 Mass. 37, 43 n.5 (1977). This is not that rare case in which a court should entertain such an argument,[4] and, as will be seen, if we did, it would make no substantive difference. Aetna's attempt to impose the entire cost of Mohawk's defense on Continental, therefore, fails.

Aetna's new argument that, because it provided no coverage to Mohawk as to the underlying claim, it should be relieved of the burden of paying one-half of Mohawk's defense costs comes too late. We have accepted arguments that a trial judge reached the right result but for a reason different from that which the judge gave. See *Greeley* v. *Zoning Bd. of Appeals of Framingham*, 350 Mass. 549, 551 (1966) ("A correct decision will be sustained even though the ground stated for it may be unsound," quoting *Weidman* v. *Weidman*, 274 Mass. 118, 125 [1931]), and cases cited. A prevailing party is, therefore, entitled to argue on appeal that the judge was right for the wrong reason, even relying on a prin-

---

[4]This is a rule of practice and not jurisdiction. See *Hartford Ins. Co.* v. *Hertz Corp.*, 410 Mass. 279, 287-288 (1991). Special circumstances have existed in those cases in which courts have made exceptions to the rule of practice. See *O'Connor* v. *City Manager of Medford*, 7 Mass. App. Ct. 615, 617-619 (1979).

ciple of law not argued below. If, however, the new argument depends on facts not established in the record, we cannot accept the new argument on appeal.

Aetna's contention that it covered no claim alleged against Mohawk involves the consideration of asserted facts that are not shown on the record and which Continental should have been given the opportunity in the trial court to investigate and disprove. One example to establish this point will suffice. Aetna provided coverage for slander generally but excluded any slander "made by . . . the insured with knowledge of the falsity thereof." In the underlying action, the school employee alleged that the defendants knew the statements were false when made. The allegation of knowledge of the falsity was not essential to proof of slander in the circumstances of that case because a defamatory statement intentionally made can be the basis of liability for slander without proof that the declarant knew that the statement was false. See *Bratt* v. *International Business Machs. Corp.*, 392 Mass. 508, 515-516 (1984) (employer's recklessness, short of actual knowledge of falsehood, warrants loss of conditional privilege in defamation action). Whether the insureds knew of the falsity is an important fact bearing on coverage, and it is not established on this record. Hence Aetna's argument that it covered no claim alleged in the school employee's complaint is made too late for us to consider it.

The case is remanded for entry of a judgment in favor of Continental by a declaration that Continental had no obligation in the circumstances to contribute to the costs of defense in the action brought against the Mohawk Trail Regional School District Committee.

*So ordered.*