COMMONWEALTH vs. WILLIAM BENNETT.

Norfolk. December 7, 1992. - February 11, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Constitutional Law*, Assistance of counsel. *Practice, Criminal*, Motion to suppress. *Search and Seizure*, Affidavit.

A judge of the Superior Court correctly denied a criminal defendant's motion for a new trial based on a claim that he had been denied his constitutional right to the effective assistance of counsel, in that his trial attorney did not challenge by a suppression motion certain allegedly false statements in a police officer's affidavit in support of the issuance of a search warrant, where, as the unchallenged portions of the affidavit sufficed to establish probable cause, the attorney could reasonably have concluded that the warrant could not be successfully challenged on Federal constitutional principles and that the prospects of a successful State constitutional challenge were, at best, problematical. [272-273]

INDICTMENTS found and returned in the Superior Court Department on November 21, 1989.

A motion for a new trial, filed on March 4, 1992, was considered by *Robert W. Banks*, J.

The Supreme Judicial Court granted a request for direct appellate review.

*Dana A. Curhan* for the defendant.

*Stephanie Martin Glennon*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant, who was convicted in October, 1990, of an armed robbery in Brookline (and on three indictments charging assault by means of a dangerous weapon), appeals from the trial judge's denial, without a hearing, of the defendant's motion for a new trial.[1] That mo-

---

[1] The assault convictions were placed on file. The defendant sought a new trial on the assault charges as well as on the armed robbery charge. All

tion, based on a claim that he was denied his constitutional right to the effective assistance of counsel, alleges that his trial counsel should have, but did not, move to suppress evidence obtained during two searches of the defendant's premises in Boston, each conducted pursuant to a search warrant.

The defendant argues that his trial counsel should have challenged the reasonableness of the first search, conducted on November 10, 1989, on the ground that the affidavit in support of the warrant for that search contained false statements by a Boston police officer. The defendant also argues that his counsel should have challenged the second search, conducted on November 15, 1989, principally on the ground that information set forth in the application for the second search warrant was obtained by the affiant, a Brookline police officer, during the allegedly unconstitutional first search.[2] We granted the defendant's application for direct appellate review and now affirm the judge's order denying the defendant's motion for a new trial.

On October 2, 1989, a man robbed a video movie store on Boylston Street in Brookline. A part-owner of the store and other witnesses saw the robber, who kept his hand in a reddish or burnt orange leather bag which he banged on the glass counter top. The robber was wearing a maroon or red baseball hat. Witnesses testified that a hat introduced as an exhibit at trial was the hat or similar to the hat that the robber had worn. The Brookline police officer who conducted the second search of the defendant's premises testified at trial that he had seen a burnt orange leather bag and a red baseball cap in the defendant's apartment during the first

---

four charges are before us. See *Commonwealth* v. *Paniaqua,* 413 Mass. 796, 797 n.1 (1992).

[2] The judge rightly rejected the defendant's alternative argument that the second affidavit failed to show any connection between the items sought and either the Brookline armed robbery or the premises to be searched. See *Commonwealth* v. *Burt,* 393 Mass. 703, 715 (1985). The affidavit disclosed that three witnesses to the crime independently identified a photograph of the defendant as being that of the man who robbed the store. Moreover, witnesses had seen a hat and a leather bag that were similar to items the affiant stated he had seen during the first search.

search and that he had seized the hat during the second search.

The question is whether the trial judge erroneously rejected the defendant's claim that his trial counsel was ineffective, in a constitutional sense, when he failed to move to suppress evidence of the leather bag, seen during the first search, and the baseball cap, seen during the first search and seized during the second. See *Commonwealth v. Saferian*, 366 Mass. 89, 96 (1974). We rule that the defendant has failed to present a basis for concluding that his trial counsel acted unreasonably in failing to move to suppress that evidence or that, if he had filed such a motion, he would have accomplished something material for the defense. See *Commonwealth v. Fanelli*, 412 Mass. 497, 503 (1992).

The trial judge rejected the defendant's claim on the ground that the Brookline police officer, who had accompanied the Boston police on the first search and had obtained the second search warrant, was not connected with whatever taint may exist in the granting of the first search warrant. Certainly there is a question whether the exclusionary rule should apply to evidence obtained during a search by the Brookline police officer that was authorized on the basis of information that he had obtained during an earlier search which was allegedly tainted by a warrant issued on the false statements of a Boston police officer. There is no claim that the application for the second search warrant contained any false statement. The absence of any such false statement alone perhaps would have reasonably discouraged trial counsel from pursuing a motion to suppress. We decline, however, to rest our conclusion on the ground on which the trial judge relied but reach the same result for a different reason. See *Aetna Casualty & Sur. Co. v. Continental Casualty Co.*, 413 Mass. 730, 734 (1992). We decline to rely on the trial judge's reasoning because the Brookline police officer obtained the evidence concerning the leather bag during the first search, the one that is allegedly tainted. Moreover, the record does not show why the Brookline police officer accompanied the Boston police officers in the execution of the first

search warrant involving an unrelated crime. One might infer that, because the defendant was already a suspect in the Brookline armed robbery, the Brookline police officer took advantage of the opportunity to see what he could find.

We rest our decision on the absence of any basis for concluding that the defendant's trial counsel acted unreasonably in not moving to suppress the evidence seized from the defendant's premises. The defendant challenges as false only a portion of the affidavit presented in support of the issuance of the first search warrant. The unchallenged portion of that affidavit provided probable cause to search the defendant's premises. Reasonable trial counsel would have concluded, therefore, that on Federal constitutional principles, the warrant could not be successfully challenged on the ground of false statements. See *Franks* v. *Delaware*, 438 U.S. 154, 155-156 (1978). The prospect of a successful challenge under the State Constitution in such circumstances was greater but at best problematical. See *Commonwealth* v. *Nine Hundred & Ninety-two Dollars*, 383 Mass. 764, 768 (1981) (noting that there may be occasions in which deliberate misrepresentations to a magistrate, even if not essential to a finding of probable cause, would call for suppression under art. 14 of the Massachusetts Declaration of Rights).

Even if trial counsel had persevered despite this uncertainty, he would have encountered the problem of proving that the Boston police officer who swore to the first affidavit either knew that information on which he purportedly relied was false or that he presented information in reckless disregard for its truthfulness. See *Franks* v. *Delaware, supra*; *Commonwealth* v. *Nine Hundred & Ninety-two Dollars, supra* at 769. The defendant has presented nothing reliable in support of his motion for a new trial to show that his trial counsel knew or should reasonably have known before trial that the police affiant knew the falsity of (or recklessly disregarded the truthfulness of) certain facts set forth in the affi-

davit.[3] The defendant may not properly rely on evidence of police wrongdoing that has come to light since his trial to support his claim that his trial counsel was ineffective, in a constitutional sense, in not filing and pursuing a motion to suppress evidence obtained during the two police searches. The defendant makes no claim of a denial of due process of law.

The order denying the defendant's motion for a new trial is affirmed.

*So ordered.*

---

[3]The defendant presented, however, a reasonable basis for finding at this time that certain statements in the affidavit in support of the issuance of the first search warrant not essential to a finding of probable cause were false and that the police affiant knew that those statements were false.