Cratsley, J.
The plaintiff Electric Insurance Co. (“EIC”) seeks a declaration that it is not obligated to indemnify or defend the defendant David G. Zuzeio (“Zuzeio”), in a civil action brought by Zuzelo’s three children against him. This matter is now before this Court on EIC’s motion for summary judgment. For the reasons set forth below, EIC’s motion is ALLOWED.
BACKGROUND
On April 20, 1982, EIC issued a homeowner’s insurance policy no. 5A19994H1 (“Policy”) to Marjorie Zuzeio, now Marjorie Quinn (“Quinn”). The Policy insured the Zuzeio residence at 127 Hamilton Street, Saugus, Massachusetts, and its residents, including David A. Zuzeio (Zuzeio). The Policy provides that “If a claim is made or suit is brought against an insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, we will: (1) pay up to our limit of liability for the damages for which the insured is legally liable; and (2) provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.” The Policy also contains an intentional harm provision, which states that the above personal liability coverage “doles] not apply to bodily injury or property damage: (a) which is expected or intended by the insured.”
In 1992, Zuzelo’s three adult children, David A. Zuzeio, Brian Zuzeio, and Jennifer Zuzeio (“the children”), brought claims of assault and battery, intentional or reckless infliction of emotional distress, *5 negligent infliction of emotional distress, false imprisonment, breach of fiduciary duly, and invasion of privacy, against their father. Zuzelo v. Zuzelo, Middlesex Superior Court, Civil Action No. 92-7105. These claims arose from allegations that Zuzelo had physically, emotionally, and sexually abused his children in theyears 1978 through 1989. In response to the action against him, Zuzelo sought coverage under the Policy. EIC denied any obligation to defend or indemnify Zuzelo. On June 7, 1993, EIC brought the instant action seeking declaratory judgment to that effect.
Subsequently, the underlying complaint was amended to add a claim by Zuzelo’s former wife, Quinn. In Count 19 of the amended complaint, Quinn asserts a claim of loss of consortium, charging that Zuzelo’s abuse of their children has caused her to lose their love, affection, services, and companionship. The children’s claims, comprising counts 1-18 of the underlying amended complaint, remained unchanged.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where the situation is such that “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
In this case, EIC argues that the claims raised by the children, counts 1-18 of the underlying complaint, arise from the intentional acts of Zuzelo and are therefore excluded from coverage by the intentional harm provision in the Policy. See Worcester Ins. Co. v. Fells Acre Day School, Inc., 408 Mass. 393, 400 (1990).[2] Zuzelo does not dispute this point, and this Court so holds. Zuzelo argues, however, that Quinn’s claim for loss of consortium does not fall within the intentional harm provision of the Policy, and that EIS is therefore required to provide coverage with respect to that claim. See id. at 413-14. Moreover, Zuzelo contends that if this Court finds that EIS has a duty to defend with respect to Quinn’s loss of consortium claim, then EIS also has a burden to defend all the remaining counts in the underlying complaint. See Aetna Casualty & Surety v. Continental Casualty, 413 Mass. 730, 732 n.1 (1992).
Since EIC’s motion for summary judgment is limited to the children’s claims, i.e. counts 1-18 of the underlying complaint, this Court does not address whether EIC has a duty to provide coverage with respect to count 19, Quinn’s loss of consortium claim.[3] Further, because Zuzelo concedes that the intentional harm provision excludes counts 1-18, only one issue remains before this Court: Assuming that EIC has an obligation to defend against Quinn’s loss of consortium claim, would such an obligation impose a duty upon EIC to defend against the children’s claims as well?[4] If the answer is no, then this Court would have no reason to deny EIC’s motion for summary judgment.
It is well-established in Massachusetts and generally elsewhere that “if the allegations of the complaint . . . state or adumbrate a claim covered by the policy terms, the insurer must undertake the defense.” Continental Casualty Co. v. Gilbane Building Co., 391 Mass. 143, 146 (1984). However, there is a split among the state and federal courts as to the extent of this duty to defend. The Supreme Judicial Court has acknowledged that “[a]lthough Massachusetts law does not yet provide an answer, the weight of authority places the duly to defend all counts on an insurer which has a duty to defend at least one count of a complaint.” Aetna, supra at 732 n.1 (citing 7C J.A. Appleman, Insurance Law and Practice §4684.01, at 102 (rev. ed. 1979 & 1991 supp.)). A minority of courts, however, have held that where a complaint contains several causes of action or theories of recovery, the insurer’s duty to defend extends only to those causes of action that would be covered under the policy if they were proved true. See White Mountain Construction Co. v. Transamerica Ins. Co., 631 A.2d 907 (N.H. 1993).
This Court need not decide this issue. Even in jurisdictions applying the maj ority rule, this Court has found no cases in which the duty to defend against one plaintiffs claim created an obligation to defend against the claims of a different plaintiff. Thus, even if the majority rule controlled in Massachusetts, this Court would decline to extend the rule in such a manner. This Court holds that any obligation that EIC may have to defend against Quinn’s loss of consortium claim creates no duty to defend against the children’s intentional torts claims. There remains, therefore, no basis upon which this Court can conclude that EIC must provide coverage with respect counts 1-18 of the underlying complaint.
Finally, Zuzelo argues at length that this Court should refrain from deciding this motion until Quinn is joined in the present action as an indispensable party, since her interests would otherwise be affected. See G.L.c. 231A, §8; Mass.R.Civ.P. 19.[5] To the contrary, this Court’s holdings focus only on EIC’s obligations to Zuzelo with respect to the children’s claims against Zuzelo. Allowing EIC’s motion has no bearing on Quinn’s rights with respect to her underlying suit against Zuzelo and does not affect her ability to recover under the Policy if she is successful. This Court finds no reason to delay judgment in this matter.
*6 Accordingly, EIC’s motion for summary judgment declaring that it as no duty to defend or indemnify Zuzelo with respect to counts 1-18 of the underlying complaint, i.e. the children’s intentional torts claims, is ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff Electric Insurance Co.’s motion for summary judgment declaring that it has no duty to defend or indemnify defendant David G. Zuzelo from the claims of Jennifer Zuzelo, Brian Zuzelo, and David A. Zuzelo comprising counts 1-18 of the underlying complaint, Zuzelo v. Zuzelo, Middlesex Superior Court, Civil Action No. 92-7105, is ALLOWED.

This includes the children’s claims of negligent infliction of emotional distress arising from allegations of abuse by Zuzelo. See Fells Acre, supra at 410 (negligence claims arising from the same conduct giving rise to the assault and battery claims are excluded by policy’s intentional harm provision).

It appears that the original underlying complaint was amended to add count 19 after EIC filed this action for declaratory judgment and moved for summary judgment. Neither EIC’s complaint nor its brief in support of this motion address count 19.

While an issue with respect to the broader duly to defend remains, there is no quéstion with respect to the duty to indemnify. Under the intentional harm provision of the Policy, EIC has no duty to indemnify Zuzelo with respect to the children’s claims in the underlying complaint. The suggestion in Aetna, supra, that a single covered claim may impose a broader duty to defend all claims in the complaint has no bearing on EIC’s duty to indemnify.

G.L.c. 231A, §8 provides: “When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.”
Mass.R.Civ.P. 19(a) provides: “A person who is subject to service of process shall be joined as a party in the action if ... (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest... If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.”