VAN MUNCHING CO., INC. vs. ALCOHOLIC BEVERAGES
CONTROL COMMISSION.

No. 94-P-1631.

Suffolk. February 6, 1996. - September 18, 1996.

Present: KASS, PORADA, & LENK, JJ.

*Alcoholic Liquors,* Alcoholic Beverages Control Commission, Supplier, Wholesaler. *Statute,* Construction.

The Alcoholic Beverages Control Commission erred in determining that a supplier of alcoholic beverages to wholesalers was prohibited by G. L. c. 138, §§ 2 and 25A, from offering a rebate to its customers based on the number of cases sold by a wholesaler to a retailer in a single delivery, where there was no evidence or finding that the discount program discriminated between wholesalers or retailers in a manner proscribed by the statute and where, in any event, the limitation on such quantity-based discounts had been repealed by St. 1970, c. 140, § 1. [310-311]

CIVIL ACTION commenced in the Superior Court Department on January 14, 1994.

The case was heard by *Margaret R. Hinkle,* J.

*Howard M. Miller* for the plaintiff.

*Rosemary S. Gale,* Assistant Attorney General, for the defendant.

*Karen Manders,* of Missouri, *Robert L. Ciociola & Thomas J. Walsh,* for Anheuser-Busch, Inc., amicus curiae, submitted a brief.

LENK, J. Van Munching Co., Inc. (Van Munching), is a certificate of compliance holder under G. L. c. 138, § 18B, which licenses Van Munching as a supplier to sell alcoholic beverages to Massachusetts wholesalers. Van Munching had offered for some time a discount program to Massachusetts wholesalers which provided increasing rebates per case based on the number of cases of beer which a wholesaler sold in a single delivery to Massachusetts retailers. This discount

program was the subject of a complaint brought by a licensed Massachusetts wholesaler against Van Munching before the Alcoholic Beverages Control Commission (commission). No price or discount regulations concerning suppliers such as Van Munching had been promulgated by the commission. The commission, while making no findings as to whether the discount program discriminated between wholesalers or retailers in violation of c. 138, § 25A,[1] nevertheless found the practice to be "contrary to the law and intent of" c. 138 and 204 Code Mass. Regs. § 6.00 (1990), and ordered it discontinued.

Van Munching sought judicial review in the Superior Court from the commission's decision under G. L. c. 30A, § 14. The judge ruled that the commission's decision contravened G. L. c. 138. The commission appealed from the entry of judgment for Van Munching, claiming that the commission's determination was correct and not based on any error of law.

The commission's argument is, in essence, that under G. L. c. 138, § 2, as amended by St. 1973, c. 542, § 1, all sales of alcoholic beverages are prohibited "except as authorized" by the statute. Section 25A of the statute, we are told, contains the only authority for discounts and it permits but two types: those based on time of payment and those based on quantity of merchandise. The commission argues that, by offering a discount contingent on wholesalers' resales and manner of delivery to retailers, Van Munching's discount program contains criteria unauthorized by § 25A, and it is therefore prohibited.

Judicial review of the commission's decision is governed by G. L. c. 30A, § 14. We must give due weight to the commission's experience, technical competence and specialized

---

[1]Section 25A, inserted by St. 1946, c. 304, provides in pertinent part:

"No licensee authorized under this chapter to sell alcoholic beverages to wholesalers or retailers shall —

"(a) Discriminate, directly or indirectly, in price, in discounts for time of payment or in discounts on quantity of merchandise sold, between one wholesaler and another wholesaler, or between one retailer and another retailer purchasing alcoholic beverages bearing the same brand or trade name and of like age and quality."

knowledge, as well as to the discretionary authority conferred upon it. *Whitehall Co., Ltd.* v. *Alcoholic Bevs. Control Commn.*, 7 Mass. App. Ct. 538, 540 (1979). However, § 14(7) permits the commission's decision to be set aside if based upon an error of law, as is the case here. See *ibid.*

The commission, while invoking the entirety of the statutory scheme set forth in c. 138, rests its decision only on c. 138, §§ 2 and 25A. In construing § 25A, we look, as the trial court judge did, to the common and ordinary meaning of the language used. See *M.H. Gordon & Son, Inc.* v. *Alcoholic Bevs. Control Commn.*, 371 Mass. 584, 589 (1976). "The plain language of c. 138 was drawn with care." *Ibid.* The subject of § 25A is discrimination; it prohibits suppliers like Van Munching from offering discount programs that discriminate among the suppliers' customers, something which Van Munching has not been shown to do. Section 25A, as the trial judge determined, does not speak to the issue in dispute. It "does not address the legality of discounts based on sales between a wholesaler and a retailer." Contrast *Cellarmaster Wines of Mass., Inc.* v. *Alcoholic Bevs. Control Commn.*, 27 Mass. App. Ct. 25, 27-28 (1989) (statute which expressly authorized only on-premises wine sampling held to prohibit off-premises wine samplings).

We reject the commission's efforts to construe § 25A out of context, ignoring its antidiscrimination purpose and viewing it as defining in a comprehensive manner all permissible (and by its omissions, all impermissible) discount programs. Section 25A neither explicitly nor implicitly proscribes the discount program at issue. If § 25A "were interpreted in the manner urged by the commission, [it] would in effect be enlarged to include something which the Legislature, either by inadvertence or design, omitted therefrom." *M.H. Gordon & Sons, Inc.*, 371 Mass. at 589.

As the trial court judge noted, the legislative history of § 25A supports this conclusion. In its pre-1970 version, there was a subsection (*b*) of § 25A which provided that "[n]o licensee . . . shall . . . [g]rant, directly or indirectly, any discount, rebate, free goods, allowance or other inducement, except a discount not in excess of two per centum for quantity of alcoholic beverages except wines, or a discount not in

excess of five per centum for quantity of wines."[2] In 1970, the Legislature repealed this paragraph, which had expressly regulated discounts and allowed only one type of discount. The Legislature at the same time left intact subsection (*a*), dealing with nondiscrimination. In so doing, the Legislature eliminated the limitations on quantity-based discounts. The commission's decision here would in essence improperly revive and write back into § 25A that which the Legislature chose to repeal. However, portions of a statute which have been omitted are instead properly to be considered as annulled. *Victoria, Inc.* v. *Alcoholic Bevs. Control Commn.*, 33 Mass. App. Ct. 507, 511 (1992).

The trial judge was, accordingly, correct in ruling that the commission had erred when it prohibited Van Munching's discount program as being in violation of c. 138, §§ 2 and 25A.[3]

*Judgment affirmed.*

---

[2]The pre-1970 version appears at St. 1946, c. 304; subsection (*b*) was deleted by St. 1970, c. 140, § 1.

[3]Van Munching asks us to make what appears to be a minor correction to the judgment. As Van Munching failed to file a notice of appeal from the judgment, we decline to do so. See *Aetna Cas. & Sur. Co.* v. *Continental Cas. Co.*, 413 Mass. 730, 734 & n.4 (1992). Nothing precludes Van Munching from seeking its requested relief from the trial court.