Fremont-Smith, J.
Defendant is charged with possession of cocaine with intent to distribute, trafficking in cocaine, violation of G.L.c. 94c, §32A within 1000 feet of a school, and illegal possession of a handgun. Defendant concedes that the police lawfully entered his home, as they were in possession of a valid warrant to search for another alleged criminal (Gonzales) whom they had reason to believe was hiding there. Defendant contends, however, that the police exceeded the scope of their search warrant for Gonzales when they seized certain contraband discovered in a bureau drawer, and then used that illegal discovery of contraband to procure another search warrant, this time for a search of defendant’s premises, which resulted in the discovery of additional contraband, including an illegal handgun, all of which, defendant urges should be suppressed.
Based upon all of the credible evidence, the court makes the following findings and rulings:
On October 10, 1999, the police had reliable information upon which to seek a search warrant for one Gonzales at the defendant’s premises. The validity of that warrant is not contested. A number of police *181 officers first surrounded, and then entered the premises for the purpose of locating and arresting Gonzales, having first unsuccessfully attempted to obtain the defendant’s consent to the search. In the course of their search for Gonzales, who was eventually located and apprehended in the cellar of the residence, Police Officer Farrari, in the course of looking for Gonzales behind a bureau in defendant’s bedroom, observed in a slightly open top drawer of the bureau, a white, powdery substance in a bag which, based upon his background and experience, he concluded was probably cocaine. When he removed the bag of cocaine, he also found underneath it a box of baggies of a type frequently used in the packaging of cocaine, which he also seized. He then opened the drawer wider and located at the bottom thereof, a bullet-proof vest and a digital scale — items which had not been in plain sight until the drawer had been pulled more open. At that point, realizing that a search warrant should be procured, the officer replaced the articles in the drawer, and then applied for and procured a search warrant for the premises premised upon the discovery of the above items.
Although the police were aware of an outstanding warrant for Gonzales’s arrest and had in their possession a search warrant for his arrest, it is clear that a search in order to effect an arrest may extend only to a cursory inspection of those spaces where a person reasonably might be found. See Maryland v. Buie, 494 U.S. 325, 337 (1990); Commonwealth v. Allen, 28 Mass.App.Ct. 589, 594 (1990). The court credits the testimony of Officer Farrari that he inadvertently observed the cocaine in plain sight in the top drawer of the bureau in defendant’s bedroom, in the course of his search for Gonzales. It was not unreasonable for Farrari to believe that Gonzales might be hiding behind the bureau, which was pulled a few feet away from the wall. As contraband discovered in plain sight may be seized, the seizure of the bag of cocaine and the box of baggies which was also then in plain sight, was warranted. Commonwealth v. Santana 420 Mass. 205, 210-12 (1995); Commonwealth v. Accaputo, 380 Mass. 435, 447-48 (1980). This did not permit him, however, to pull the drawer out further and to undertake a more thorough search of its contents, which resulted in discovery of the bullet-proof vest and digital scales. Being concerned about this, the officer properly returned those articles to where he had found them in the drawer and applied for a search warrant.
The question then becomes whether the officer’s illegal search and discovery of the vest and scales fatally tainted the search warrant (which resulted in the discovery of other contraband including the handgun) or whether the discovery of the bullet-proof vest and digital scales, as well as the other contraband, would have occurred anyway because the warrant could have validly issued as a result of the officer’s legal discovery of the cocaine and baggies found in plain view, quite apart from his discover ery of the other contraband in the bureau drawer.
In Commonwealth v. Hall, 366 Mass. 790 (1975), the court held that, in such a situation, it must first be decided whether the evidence apart from the illegally obtained information, provided probable cause for the issuance of the search warrant, and then be determined when the illegal evidence is contrasted with evidence legally obtained, whether the illegal evidence appears to be a “critical element” in the magistrate’s issuance of the search warrant. There, the court contrasted the weight given to the illegally obtained evidence in the warrant application with that given to legally obtained evidence, and concluded that the illegal information in the application was not of “critical importance” to the magistrate and was not likely to “impress itself sharply on his mind," where the illegal evidence had been briefly alluded to in a cursory manner in the application, whereas the legal evidence had been set forth at great length. See id. at 798. In Commonwealth v. White, 374 Mass. 132, 138 (1977), the court indicated that the test is whether the application for a warrant lacked probable cause absent the tainted evidence.[1]
In order to determine whether the reference to the bullet-proof vest and the digital scales in the warrant application “fatally infected” the warrant, Hall, 366 Mass. at 795, the Court must look to the prominence and import of the illegally obtained information in the warrant. The application indicates that Officer Farrari, while checking the area of the bureau, “looked down into the partially open top drawer of this bureau, and inadvertently observed, resting against the very front of this drawer, a Glad plastic sandwich box with its top open. Observed inside the open top of this box was a plastic bag containing large chunks of a light colored rocky substance believed to be cocaine. No flashlight was used while making this observation. Officer Farrari then opened this drawer and seized this box, and upon doing so observed a blue police-style bulletproof vest body armor lying on the bottom of the drawer. A black digital scale consistent with those used to weigh cocaine was also observed beside the sandwich bag box. No further search of this area was done.” The application then goes on to state that “the quantity of cocaine found, estimated at approximately 14-16 grams along with the scale and bags, is consistent with distribution and not possession. Through training and experience, we know that drug dealers caught with this quantity of cocaine commonly maintain notes, records and proceeds, related to the sale and distribution of cocaine, in their place of residence.” The application went on to request a search warrant for the seizure of any “books, notes, records, assets, or United States currency, related to the sale or distribution of cocaine; also any weapons which may be used to protect this distribution enterprise, and any indication of residency.”
*182 The court concludes that the warrant for the search of the premises would almost certainly have issued based upon the recitation of the discovery of the cocaine and the plastic bags, regardless of recitation of the subsequent discovery of the bullet-proof vest and digital scales in the bureau’s top drawer and that the latter was thus not a critical factor in the warrant’s issuance. That being the case, the other items of contraband located pursuant the second warrant, including the vest and scales, would have inevitably been discovered in the search pursuant to the second warrant, even had they not been earlier discovered. See Commonwealth v. Martino, 412 Mass. 267, 277 (1992); Commonwealth v. O’Connor, 406 Mass. 112 (1989).
Accordingly, the defendant’s motion to suppress evidence is denied.

While under Massachusetts law a warrant may be suppressed if it was obtained as a result of intentionally or recklessly dishonest statements in the application, even if they were not essential to probable cause, Commonwealth v. Bennett, 414 Mass. 269, 272 (1993), here there were not any misstatements in the warrant, intentional or otherwise, but at most a negligent failure to disclose all of the circumstances surrounding the discovery of the vest and scales. See Commonwealth v. Nine Hundred and Ninety-Two Dollars, 383 Mass. 764, 771 (1981).