NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1145

COMMONWEALTH

vs.

ANTONY M. ATKINSON-GEDUTIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Antony Atkinson-Gedutis, appeals from the denial of his motion to return property as well as the denial of his motion for reconsideration. We affirm.

On February 2, 2024, the defendant admitted to sufficient facts to warrant a finding of guilty on an amended complaint charging improper storage of a firearm. A District Court judge continued the case without a finding for six months. Two months after changing his plea, the defendant filed a motion for the return of the firearm that had been seized during the execution of a search warrant. At a hearing on the motion, defense counsel informed the judge that the defendant's license to carry had been suspended because of the improper storage of the

firearm and that the defendant sought to designate a "friend" with a license to carry to take possession of the firearm. The judge denied the motion in an endorsement order and cited G. L. c. 276, § 3 (disposition of evidence seized under a warrant). In a motion for reconsideration, the defendant argued that the judge relied upon the wrong statute. The judge denied that motion as well. We discern no abuse of discretion where the defendant did not establish that he followed the procedure for transferring the firearm to a "friend." See Commonwealth v. Fleury, 489 Mass. 421, 429 (2022) ("judges may exercise their discretion" regarding disposition of seized property).

Lawfully possessed firearms that are found to be improperly secured are not subject to the forfeiture provisions of G. L. c. 276, § 3. See Fleury, 489 Mass. at 430-431. Instead, the disposition of an improperly secured firearm is governed by G. L. c. 140, § 129D, as amended through St. 2014, c. 284, § 42. According to that governing statute, when the right to possess a firearm has been suspended or revoked, the firearm may be transferred "to any licensed dealer or any other person legally permitted to purchase or take possession of the firearm[]" so long as certain procedures are followed. Id.

Here, the defendant did not follow the procedures set forth in the governing statute. For example, the defendant failed to

2

identify his "friend" or a licensed dealer, to provide evidence of written notice to the licensing authority, and to produce a written affirmation from a purchaser or transferee that the firearm would not be transferred back "to the former owner." G. L. c. 140, § 129D.  Therefore, even though the judge relied on the wrong statute, we discern no abuse of discretion in the ultimate decision.  See Aetna Cas. & Sur. Co. v. Continental Cas. Co., 413 Mass. 730, 734-735 (1992) (decision may be affirmed on appeal if judge is "right for the wrong reason").

Order denying motion to
return property affirmed.

Order denying motion for
reconsideration affirmed.

By the Court (Meade,
Hodgens & Toone, JJ.[1]),

Paul Little

Clerk

Entered:  May 6, 2025.

---

[1] The panelists are listed in order of seniority.