HERBERT B. NEWHALL *vs.* ENOCH PAIGE & another.

The liability of a person who negligently receives goods not directed to him is the same as that of a bailee for hire or reward.
A contingent benefit is a sufficient consideration for undertaking a bailment.

ACTION OF CONTRACT, with a count in tort, to recover the value of merchandise sent from Portland, Maine, by steamboat to Boston, marked " H. B. Newhall, Saugus, care R. M. Morse, South Market St. Boston," and lost under the following circumstances : " Upon its arrival in Boston it was delivered to the teamster of the steamboat company, who took it to the defendant's store, where was the order box of an expressman who ran an express to Saugus. As this expressman did not run to that part of Saugus where the plaintiff lived, he told another expressman, George Towne, who kept a box in another part of

the city, and went by the plaintiff's house, to call and take the merchandise. Towne called, paid the freight bill, and the defendants could not then find the merchandise. The only compensation received by the defendants for receiving and storing merchandise left for expressmen, and for allowing expressmen to have boxes in their store, was the advantage in bringing them business. The defendants kept a liquor store."

At the trial in the superior court of Suffolk at January term 1857 before *Huntington,* J., after proof of the above facts, the plaintiff asked the court to rule that this was a compensation sufficient to make the defendants bailees for hire ; and that the defendants were strangers to the merchandise, inasmuch as it was improperly delivered to them, and could not excuse themselves from liability by proof of ordinary care and diligence ; but that they were liable although there was no want of ordinary care on their part.

The court instructed the jury " that if the merchandise was received and delivered to be kept for hire or reward by the defendants, they would be bound to use ordinary care and prudence ; that it was not necessary that the hire or reward should be for cash ; that the storage might be taken for other consideration than money ; but that it should be for some certain benefit, and not a mere contingent, uncertain and indirect benefit or expectation of benefit; that if the merchandise was delivered to the defendants on their voluntary undertaking to take care of it, without reward, their duty would be to exercise such care and prudence as they would use in their own affairs, and the plaintiff could not recover without proof of fraud or gross negligence ; but that if the defendants were negligent in receiving goods not directed to them, in the manner stated in evidence, they would be bound to use ordinary care and prudence in the same degree as if they had received and kept them for hire or reward ; and that the burden of proof was on them to show such care and diligence." The jury returned a verdict for the defendants, and the plaintiff alleged exceptions.

*H. C. Hutchins,* for the plaintiff.

*J. C. Park,* for the defendants.

BIGELOW, J. The only error in this case was in the instructions given to the jury, and consisted in telling them that the defendant could not be considered a bailee for hire unless his compensation was for some certain benefit to himself, and that a mere contingent, uncertain and indirect benefit would not constitute such a consideration as was necessary to establish a contract of bailment for hire or reward. This was stating the proposition more broadly than the rules of law will warrant. A person becomes a bailee for hire when he takes property into his care and custody for a compensation. The nature and amount of the compensation are immaterial. The law will not inquire into its sufficiency or the certainty of its being realized by the bailee. The real question is, Was the contract made for a consideration? If so, then it was a *locatum* and not a *depositum*, and the defendants were liable for a want of ordinary care. The general rule as to the consideration of a contract is well understood, and is the same in case of bailments as in all other contracts. The law does not undertake to determine the adequacy of a consideration. That is left to the parties, who are the sole judges of the benefits or advantages to be derived from their contracts. It is sufficient if the consideration be of some value, though slight, or of a nature which may enure to the benefit of the party making the promise. *Haigh* v. *Brooks*, 10 Ad. & El. 320, and 2 P. & Dav. 484. *Lawrence* v. *Mc Calmont*, 2 How. 452. *Hubbard* v. *Coolidge*, 1 Met. 92. Where such a consideration exists, a contract cannot be said to be a *nudum pactum*, nor a bailment a gratuitous undertaking.

*Exceptions sustained.*