414 Mass. 685                                              685

Gabbidon v. King; Director of the Childhood Lead Poisoning Prevention Program.

PAUL GABBIDON & another[1] vs. SYLVIA B. KING & another[2] ; DIRECTOR OF THE CHILDHOOD LEAD POISONING PREVENTION PROGRAM, third-party defendant.

Essex. January 4, 1993. - April 5, 1993.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Civil*, Appeal, Record, Complaint, Parties. *Rules of Civil Procedure. Lead Poisoning.*

A third-party complaint that contained no claim for money damages against the third-party defendant and did not assert that the third-party defendant was directly or indirectly liable to the third-party plaintiff for the plaintiff's alleged injuries through indemnity, contribution, or otherwise, did not allege conditions that, pursuant to Mass. R. Civ. P. 14, would permit the impleading of the third-party defendant and, therefore, dismissal of the third-party complaint was proper. [686-687]

CIVIL ACTION commenced in the Superior Court Department on August 23, 1991.

A motion to dismiss the third-party complaint was heard by *John T. Ronan*, J., and entry of separate and final judgment was ordered by him.

The Supreme Judicial Court granted a request for direct appellate review.

*John J. Regan* (*Thomas D. Dolan* with him) for Sylvia B. King.

*Eric A. Smith*, Assistant Attorney General, for Director of the Childhood Lead Poisoning Prevention Program.

WILKINS, J. The Gabbidons commenced this action against their lessor (King) and her alleged agent claiming that their

---

[1]Colette Gabbidon, individually, and both as parents and next friends of Anna Gabbidon.

[2]Gerry Redell.

daughter Anna, who was under the age of six, had been harmed by lead in the leased premises. King filed a third-party complaint against the third-party defendant director seeking a declaration that lead poisoning regulations that the director had issued were unlawful. On motion of the director, a Superior Court judge, without a statement of reasons, dismissed the third-party complaint and entered a separate judgment of dismissal of the third-party complaint. We allowed King's application for direct appellate review.

We affirm the judgment of dismissal on a ground that appears not to have been argued below but, in any event, warrants dismissal pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). It is well established that, on appeal, we may consider any ground apparent on the record that supports the result reached in the lower court. See *Aetna Casualty & Sur. Co.* v. *Continental Casualty Co.*, 413 Mass. 730, 734-735 (1992); *St. Germaine* v. *Pendergast*, 411 Mass. 615, 619 n.9 (1992); *North Shore Corp.* v. *Selectmen of Topsfield*, 322 Mass. 413, 416 (1948); *Rosenfeld* v. *Board of Health of Chilmark*, 27 Mass. App. Ct. 621, 626 n.10 (1989).

King's right to assert a third-party claim against the director can be justified only if the conditions exist that are set forth in Mass. R. Civ. P. 14 (a), as amended, 385 Mass. 1216 (1982). That rule provides that "a defending party, as a third-party plaintiff, may . . . cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiff's claim against him." The rule is intended to be used in situations of indemnity or possible contribution. Reporters' Notes to Mass. R. Civ. P. 15, Mass. Ann. Laws, Rules of Civil Procedure at 358 (1982). See *Liberty Mut. Ins. Co.* v. *Westerlind*, 374 Mass. 524, 525 (1978) (allowance of motion to implead third party under rule 14 [a] "turns on whether [the third party] is or may be liable to [the defendant] for all or part of [the plaintiff's] claim against [the defendant]"); J.W. Smith & H.B. Zobel, Rules Practice §§ 14.1, 14.7, 14.8 (1974). Under the substantively similar Federal rule (Fed. R. Civ. P. 14 [a]), "im-

pleader is available only against persons who are or may be liable to defendant for part or all of plaintiff's claim." C.A. Wright, A.R. Miller & M.K. Kane, 6 Federal Practice and Procedure § 1442, at 295 (1990). See *id.* at §§ 1441, at 286, 1446, at 377-379; *Stewart* v. *American Int'l Oil & Gas Co.,* 845 F.2d 196, 200 (9th Cir. 1988) (court did not err in dismissing third-party complaint where "there was no derivative nor secondary liability involved" in complaint); *U.S. Gen., Inc.* v. *Joliet,* 598 F.2d 1050, 1053 (7th Cir. 1979) ("plain condition on the face of Rule 14" was not met where "there was no claim that any one of the additional parties would be secondarily liable to [the defendants] in the event it was found in the original cause that [the defendants] were liable to [the plaintiffs]").

King's third-party complaint contains no claim for money damages against the director. It does not assert that the director is directly or derivatively liable to King for the plaintiffs' alleged injuries through indemnity, contribution, or otherwise. The complaint, therefore, does not allege conditions that, pursuant to rule 14, permit the impleading of the director.

*Judgment affirmed.*