Smith, J.
I. Introduction
Defendants/Third-Party Plaintiffs, Advanced Ironworks, Inc and Martin E. Richards (collectively hereinafter “Ironworks”) brought a third-party complaint impleading certain individual employees of Fisher College for contribution in this negligence action. This matter is before this Court on the joint Motion to Dismiss all claims filed by four of the five Third-Party Defendants. The Third-Party Defendants aver that the third-party claims against them should be dismissed on the grounds of futility since employees’ torts, committed during the course of their employment, are imputed to the employer. Furthermore, the Third-Party Defendants make the related argument that because of this imputation all potential tort liability should be consolidated into one action solely against their employer, Fisher College. Ironworks asserts that each named third-party defendant is individually liable and can be named separate from their employer, Fisher College, for contribution as third-party defendants. For the reasons set forth below, the Third-Party Defendants’ Motion to Dismiss is DENIED.
II. Background
Third-Party Defendants, Sheldon Barron, Roberta Cantor, Gail Murphy, and Thomas Pistorino (collectively hereinafter the “Third-Party Defendants”)[3] have moved to dismiss all third-party claims by Ironworks. This action arises from a subrogation claim initiated by Republic Franklin Insurance Co. (“Republic”) on behalf of Fisher College. Four people were injured when a balcony on Fisher College property collapsed and brought suit against Fisher College (hereinafter the “Benedetti Action”).[4] Advanced Ironworks and its employee, Martin Richards, were hired by Fisher College to inspect and certify the safety of the balcony that later collapsed. Advanced Ironworks and Martin Richards were also named defendants in the initial Benedetti Action lawsuit. Republic, as subrogor of Fisher College, has filed suit to recover damages from Ironworks for the costs to repair the building and balcony it paid under an insurance policy to Fisher College. Republic claims negligence and breach of contract against Ironworks.
Upon answering the complaint Ironworks im-pleaded five employees of Fisher College as individuals for contribution. The third-party complaint against the five employees of Fisher College alleges that each *104 employee’s negligence proximately caused or contributed to the underlying tort damages as follows:
i) that Sheldon Barron allegedly failed to properly oversee and direct the work performed by Advanced Ironworks as well as failed to keep the balcony in a reasonably safe condition;
ii) that Roberta Cantor allegedly failed to properly manage the physical plant facilities and the balcony and also failed to supervise and train qualified facilities managers who reported to her;
iii) that Gail Murphy allegedly failed to keep the balcony in reasonable safe condition and did not properly perform her duty to supervise the balcony’s maintenance; and
iv) that Thomas Pistorino, as supervisor of Sandro Mendes, allegedly failed to notify Mendes that recreational use of the balcony violated Fisher College’s safely rules.[5]
The Third-Parfy Defendants’ Motion to Dismiss contends that any individual negligence on their behalf should be imputed to their employer, Fisher College, as all alleged acts were committed within the scope of their employment. Also, any negligence of any of the Third-Party Defendants should be consolidated with and imputed to Fisher College as one joint tort-feasor in accordance with G.L.c. 23IB and the principles of agency law. Finally, the Third-Parfy Defendants state that separate claims between the employee and employer result in futility, since their individual negligence, if any, is imputed to their employer, Fisher College.
III. Discussion
A. Motion to Dismiss Standard
The Third-Party Defendants move to dismiss Ironworks’s third-party plaintiff complaint for failure to state a claim upon which relief can be granted.[6] When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the [third-party plaintiffs) favor. Fairneny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyal v. Helen Broad. Corp., 411 Mass. 426, 429 (1991). “[The] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the [third-party plaintiffs] can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
“[A] complaint is not subject to dismissal if it would support relief on any theoiy of law.” Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85,89 (1979). Furthermore, a complaint should not be dismissed simply because it asserts a new or extreme theoiy of liability. New England Insulation Co. v. General Dynamics Corp., 26 Mass.App.Ct. 28, 30 (1988); Bell v. Mazza, 394 Mass. 176, 183 (1985). All inferences should be drawn in the [third-party plaintiffs] favor in the complaint “so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., Inc., 31 Mass.App.Ct. 294, 296 (1991). A third-party complaint may be properly dismissed, however, if it does not allege conditions upon which the third-party defendant is responsible for the defendant/third-party plaintiffs potential liability to the original plaintiff. Gabbidon v. King, 414 Mass. 685, 686-87 (1993).
B. Impleading Third Parties
Mass.R.Civ.P. 14 allows a defending party to im-plead a third person who may be liable through indemnification, subrogation, or contribution. Mass.RCiv.P. 14 provides that “at any time after commencement of the action a defending party, as a third-party plaintiff, may ... cause a summons and complaint to be served upon a person who is or may be liable to him for all or part of the plaintiffs claim against him.” Mass.R.Civ.P. 14(a). Third-party practice is appropriate in cases where the third-party plaintiff is seeking either contribution or indemnification. Gabbidon v. King, 414 Mass. 685, 686 (1993). In Massachusetts, a right to indemnification exists only if there is a binding contract between indemnitor and indemnitee; either expressed or implied. Kelly v. Dimeo, Inc., 31 Mass.App.Ct. 626, 628 (1991), citing H.P. Hood & Sons, Inc. v. Ford Motor Co., 370 Mass. 69, 77 (1976). Contribution is applicable where “two or more wrongdoers negligently contribute to the personal injury of another by their several acts.” O’Connor v. Raymark Indus., Inc., 401 Mass. 536, 591 (1988), quoting Chase v. Roy, 363 Mass. 402, 408 (1973) (emphasis added).
Ironworks argues that the named Fisher College employees are liable as third-party defendants by way of contribution. In Massachusetts, contribution is available “where two or more persons become jointly liable in tort for the same injury to person or property . . .” G.L.c. 231B, 1(a). Contribution is permitted between joint tortfeasors. G.L.c. 231B, 1(a); Hopper Feeds, Inc. v. Cincinnati Milacron, Inc., 411 Mass. 273, 276 (1991). To obtain contribution, the potential contributor must be directly liable to the plaintiff. Liberty Mutual Ins. Co. v. Westerlind, 374 Mass. 524, 526 (1978); Elias v. Unisys Corp., 410 Mass. 479, 482 (1991). A third-party complaint may be brought if Ironworks claims that the Third-Party Defendants, individually, are responsible for all or part of Republic’s claim against Ironworks as defendants. See Gabbidon v. King, 414 Mass. 685, 686 (1993), citing Liberty Mut. Ins. Co. v. Westerlind, 374 Mass. 524, 525 (1978) (allowance of motion to implead third party under rule 14[a] “turns on whether [the third party] is or may be liable to [the defendant] for all or part of [the plaintiffs] claim against [the defendant]”).
Accepting as true the factual allegations of the third-party complaint, Ironworks has alleged that the Third-Party Defendants, as individuals, jointly caused or contributed to the alleged damages due to their individual negligence. There is an arguable allegation *105 of contribution because each of the Third-Party Defendants was involved in some way in the upkeep and safety of the balcony that gave rise to the underlying Benedetti Action. Ironworks has pleaded with specificity that each Third-Party Defendant was employed at Fisher College during the inspection time frame in question and breached their duty to exercise reasonable care in inspecting and/or maintaining the balcony from dangerous defects. The Third-Party Defendants do not argue in their submissions that they did not owe a duty of care to the original plaintiffs in the Benedetti Action regarding the balcony or to Fisher College in the current action. Rather they rely on a creative theory of agency as the legal basis to dismiss.
C. Liability of an Agent as an Individual Tortfeasor
Finally, the Third-Party Defendants argue that as a matter of law the claims against them as employees should be consolidated into the comparative negligence claim along with their employer, Fisher College, or in the alternative, the Third-Party complaint against them should be dismissed because of futility. They are mistaken. “Employees are liable for torts in which they personally participated.” Lyon v. Morphew, 424 Mass. 828, 831-32 (1997) (citations omitted). This liability stems from the general rule that every person has a duty to exercise reasonable care for the safety of others. Kane v. Fields Corner Grille, Inc., 341 Mass. 640, 642 (1961). Further, an agent is not relieved from liability for a tortious act simply because he acted on account of the principal or at his command. See Lyon v. Morphew, 424 Mass. 828 (1997) (holding various officers of a hospital not individually liable for injuries to employee of roofing contractor who fell from a roof because the named officers had no common-law or statutory duty to replace railing around the hospital). See also Mullins v. Pine Manor College, 389 Mass. 47, 63-64 (1983) (officer of charitable institution was not immune from personal liability for failing to provide adequate security because colleges have a special duty to protect their students, although institution could be liable only for damages up to $20,000). See also Restatement, 2d, Agency §350 (an agent is liable for his own acts of negligence, even if he is obeying the command of his principal in doing the act).[7] A servant may be held liable for his negligence that causes injury to third parties, even though he was acting within the scope of his employment at the time of the injury and even though his employer may be liable under the doctrine of respondeat superior. 30 C.J.S. Employer-Employee Relationship, §225. Accordingly, this Court will not dismiss the Third-Party Complaint at this stage in the litigation since Ironworks has pled sufficiently to meet the lenient motion to dismiss standard.
ORDER
For the foregoing reasons, it is hereby ORDERED that Defendants’, Sheldon Barron, Roberta Cantor, Gail Murphy, and Thomas Pisterino, Motion To Dismiss be and hereby is DENIED.

Not joined in this motion to dismiss is Third-Party Defendant Sandro Mendes.

The initial action arising from the same loss, Benedetti et at v. Fisher College et al., CANo. 02-5332, settled with Fisher College not admitting to any liability.

Sandro Mendes, not joined in this motion, was employed as an Information Technology Manager at Fisher College and is alleged to have allowed an overload of guests onto the balcony.

though Mass.R.Civ.P. 12(b)(6) was never specifically pled in the Third-Party Defendants’ Motion to Dismiss, this Court is holding this to be the standard for analysis.

See also Restatement (Second) of Agency §343 (1958), which reads: “An agent who does an act otherwise a tort is not relieved from liability by the fact that he acted at the command of the principal or on account of the principal, except where he is exercising a privilege of the principal, or a privilege held by him for the protection of the principal’s interests, or where the principal owes no duty or less than the normal duty of care to the person harmed.”