On January 27, 2014, defendant Craig Cutone hit plaintiff Salvatore Caruso with his automobile while Caruso was crossing the street at the intersection of William Street and Route 28 in Stoneham. Caruso sued Cutone for negligence; Caruso's wife, Rosanna Caruso, sued for loss of consortium. The case was tried before a jury; they returned a special verdict in favor of Cutone, finding that the plaintiffs did not establish the element of negligence, something the jury indicated by marking an "X" on a line next to the word "No" beneath a question that read: "Was Craig R. Cutone negligent on January 27, 2014?" Consistent with the instructions on the special verdict slip, the jury consequently did not go on to answer any of the subsequent questions on the slip, including the next one, "Was the negligence of Craig R. Cutone a substantial factor in contributing to cause injuries to plaintiff Salvatore Caruso?" The plaintiffs filed a motion for a new trial, which was denied, and now appeal.
The essence of the plaintiffs' claim is that Cutone's admissions at trial establish that, as a matter of law, he was negligent, that he had breached the duty of care.[4] Cutone hit Caruso with his automobile while making a left turn. Although Cutone testified that he "already looked left and got clearance from the car coming that they're stopping or stopped," he also agreed with plaintiffs' counsel when asked the following question on cross-examination: "At the time when you were pulling out from the lot, you're looking right, you're driving towards the left. You're not looking where you're going?" The plaintiffs argue that driving without looking where one is going is negligent as a matter of law.
We need not, however, decide this issue.[5] In instructing the jury on the element of negligence, the judge said the following:
"If Mr. Cutone could not have seen Mr. Caruso by using ordinary care, then he may not be found to be negligent. On the other hand, if Mr. Caruso could've been seen and the collision prevented if Mr. Cutone used ordinary care, then you must decide whether Mr. Cutone was negligent in light of all the circumstances."
This instruction, which was not objected to at trial, actually conflates the elements of negligence and causation. It told the jury that, to find that Cutone had met the element of negligence, they were required to find not only that he had breached his duty of care, but that his exercise of due care could have prevented the accident -- in other words, under this instruction, even if the jury found that Cutone breached a duty of due care they could not find the element of negligence proven unless they also found that his negligence was a "but for" cause of the accident.
This is not an accurate instruction with respect to the element of negligence, see Donovan v. Philip Morris USA, Inc., 455 Mass. 215, 221-222 (2009) (breach of duty and causation are distinct elements of the tort of negligence), but since it was given, the jury might have returned the special verdict of "not negligent" not because it found that Cutone did not breach the duty of care properly defined, but because it found that his negligence was not a "but for" cause of the accident. That is, the jury's verdict might reflect a finding that Cutone was negligent in not looking where he was driving, but that the accident would have occurred even had he been paying perfect attention and taking due care.
Whether or not Cutone breached his duty of care, the latter finding would have been adequately supported by the record, which includes testimonial and videotape evidence that lighting in the area was poor and that Caruso ran into the street while wearing dark clothes. A jury could have found that, in these circumstances, Cutone could not have avoided the accident even had he been looking where he was going, and therefore that, even if he was negligent, such negligence was not a "but for" cause of the accident.
A new trial is appropriate only if the judge can be satisfied that the jury "failed to exercise an honest and reasonable judgment in accordance with the controlling principles of law." Hartmann v. Boston Herald-Traveler Corp., 323 Mass. 56, 60 (1948). Given the principles of law as the judge without objection instructed upon them, and the record of the case, the judge's denial of the motion for a new trial was not in error.
Judgment affirmed.
Order denying motion for new trial affirmed.

The plaintiffs argue that the jury were "bound by" these admissions in that they were required to accept them as true. We assume without deciding that the plaintiffs are correct.

Although our decision is based on a ground different from the motion judge's, we may affirm on any ground apparent in the record. See Gabbidon v. King, 414 Mass. 685, 686 (1993).