NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-252

RAYAN TOBY

vs.

GREATER BOSTON LEGAL SERVICES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Rayan Toby, appeals from a Superior Court judgment dismissing his complaint against the defendant, Greater Boston Legal Services (GBLS).  We affirm.

Background.  1.  Prior action.  In March 2022, the plaintiff filed a complaint (prior action) against the director of GBLS, Jacquelynne Bowman, for declining to represent him in a variety of matters and for violating his civil rights in so doing.  On or about September 21, 2022, the prior action was dismissed pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), for failure to state a claim.  The plaintiff did not appeal therefrom.

2.  Present action.  On September 23, 2022, the plaintiff filed a new complaint in the Superior Court against GBLS (present action).  Although difficult to decipher, the plaintiff

appears to claim that by denying him legal representation, GBLS violated his human and civil rights under 22 U.S.C. § 2304 (human rights and security assistance), 42 U.S.C. § 1983 (civil action for deprivation of rights), and G. L. c. 93, § 102 (Massachusetts Equal Rights Act).

GBLS filed a motion to dismiss the present action under rule 12 (b) (6), contending that the complaint is based on identical claims to the complaint in the prior action, and is thus barred by principles of res judicata. GBLS also argued that the complaint in the present action failed to state a plausible claim against GBLS.

In November 2022, a Superior Court judge (motion judge) determined that the claims and parties in the present action are the same as those in the prior action in which judgment had entered. Accordingly, she concluded that the present action is barred based on res judicata, dismissed the complaint in the present action, and entered judgment on behalf of the defendant.[1] The plaintiff now appeals therefrom.

Discussion. The plaintiff essentially argues that the motion judge erred in allowing the motion to dismiss because

---

[1] The judge also ordered that the plaintiff shall be required to obtain approval from the Superior Court Regional Administrative Justice before the clerk's office may accept any new action by the plaintiff against the defendant.

access to legal representation is a fundamental human and constitutional right. The argument suffers from myriad shortcomings. First, the plaintiff cites no legal authority to support the proposition that GBLS violated 22 U.S.C. § 2304, 42 U.S.C. § 1983, or G. L. c. 93, § 102, by declining to provide legal services to him. Second, the plaintiff's complaint failed to allege the fundamental elements of a Massachusetts Civil Rights Act claim, as he made no allegation that GBLS discriminated against him based on sex, race, color, creed, or national origin. Third, in his brief the plaintiff raises alleged counts of intentional infliction of emotional distress, "Unconstitutional Policy/Custom/Negligence," "harassment, intimidation, negligence, interference," "Failing to comply with the laws," violation of G. L. c. 12, § 11I, as well as claims for violations of the Federal and State constitutions. None of these enumerated violations in the brief appear in the plaintiff's complaint. Fourth, the plaintiff does not address the issue of res judicata -- the basis for the dismissal of the complaint in the present action -- in his brief. Thus, the claim is waived. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief"). See also Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 174 (2014) (claim waived where appellant made no

3

appellate argument concerning dismissal under rule 12 [b] [6]).[2]
For these reasons, the plaintiff's claims are unavailing.  See
Gabbidon v. King, 414 Mass. 685, 686 (1993) ("[i]t is well
established that, on appeal, we may consider any ground apparent
on the record that supports the result reached in the lower
court").

Judgment affirmed.

By the Court (Meade, Neyman & Hand, JJ.[3]),

Assistant Clerk

Entered:  March 7, 2024.

---

[2] In any event, on the record before us we cannot say that the judge erred in determining that the plaintiff's claims are barred under the doctrine of res judicata.  The record reflects identity or privity of parties to the present and prior actions, identity of the causes of action, and a final judgment on the merits in the prior action.  See Kobrin v. Board of Registration in Med., 444 Mass. 837, 843-844 (2005); Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988) ("claim preclusion" or res judicata "prohibits the maintenance of an action based on the same claim that was the subject of an earlier action between the same parties or their privies").  See also Mass. R. Civ. P. 41 (b) (3), as amended, 454 Mass. 1403 (2009) ("any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, or for improper amount of damages . . . operates as an adjudication upon the merits").

[3] The panelists are listed in order of seniority.

4