NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1105

RIAN WATERS

vs.

AIDAN KEARNEY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Rian Waters, appeals a judgment dismissing his claim of libel against the defendants, Aidan Kearney, Worcester Digital Marketing, LLC, and Turtleboy Enterprises, LLC, (defendants) for failure to prosecute.  In an earlier appeal, a panel of this court reversed the grant of summary judgment against the plaintiff on his libel claim to the extent the claim was "based on the statements that Waters sold drugs in California and shipped drugs to Massachusetts."  Waters v. Kearney, 100 Mass. App. Ct. 1105 (2021) (Waters I).  We affirmed the dismissal of all other claims and remanded for further proceedings.  Because this case presents one of the rare instances where the judge, acting on proper motivation to

---

[1] Worcester Digital Marketing, LLC, and Turtleboy Enterprises, LLC.

maintain judicial efficiency, nevertheless failed to exercise proper discretion, we vacate the judgment and remand for further proceedings.

Background.[2]  The libel claim stems from a statement in a book published by Kearney that the plaintiff "sold drugs in California" and while visiting Massachusetts "he allegedly shipped himself drugs via the USPS, which he intended to sell here."  After remand, the plaintiff filed numerous pleadings, including motions directed to whether Kearney was harassing witnesses and seeking to enjoin Kearney from "mentioning or harassing" the plaintiff or any potential witness.  It was not always clear whether the named persons were witnesses who the plaintiff intended to call at the trial of the one claim remaining in this case.  The plaintiff also repeatedly stated in pleadings, including an affidavit, that he "never bought or sold drugs in California."  The plaintiff also described the impact Kearney's alleged libel had on him.  In response to this flurry of pleadings, the judge scheduled a final pretrial conference.[3]

---

[2] The facts pertaining to this dispute are set out in Waters I; the following is a summary of the facts relevant to this appeal.

[3] We recognize that the plaintiff's numerous filings and lack of understanding of the litigation process were a burden on the court.

At the final pretrial conference, the judge denied the plaintiff's motion for default and sanctions, which had alleged that Kearney was threatening people who the plaintiff intended to call as witnesses at trial.[4] The plaintiff expressed concern about going forward with trial where, due to Kearney's alleged threats, he had no witnesses. The plaintiff also indicated that because he did not know what kind of drugs he was alleged to have sold, he did not know who to call as a witness.[5] The judge admirably attempted to focus the plaintiff on the issues relevant to trial. The plaintiff stated that if the judge was

---

[4] The motion referred to several persons by name; we cannot discern from this record if those persons could have provided admissible trial testimony, or had provided depositions that could be admissible, see Mass. R. Civ. P. 32, as amended, 392 Mass. 1105 (1984). The fact that the plaintiff's pleading referred the judge to a two-and-one-half-hour-long video as part of the record, without providing timestamps to the relevant portions of the video and without explaining how the person depicted in it might provide testimony relevant to the one remaining claim in this case, did not assist the court.

[5] It is not clear why it mattered what type of drugs the plaintiff allegedly sold. Based on the plaintiff's representations about discovery, it was "hash oil." The plaintiff seemed to the believe at the pretrial conference that it could be cannabis or "coke or crack." In any event, assuming it is the truth, the plaintiff can testify as he already has stated in an affidavit, that he has "never bought or sold drugs in California" and otherwise identify statements made by Kearney about the plaintiff's alleged sale or shipment of drugs that the plaintiff believes are libelous and testify that they are not true. The plaintiff can provide a witness list that includes witnesses to address all possibilities and, after Kearney presents evidence, the plaintiff can decide who, if anyone, to call as rebuttal witnesses.

3

going to allow Kearney to threaten witnesses, he would need only a day for trial because he had no witnesses.[6]  He also told the judge "[i]f I can't have a fair trial, there's not going to be a trial" and asked for the case to be "closed," but subsequently indicated, "All right, . . . fine.  We'll have a trial."  The defendants asked for thirty days to file a motion for summary judgment, which the judge granted "if necessary."[7]  The next day, the judge dismissed the remaining claim without prejudice for the plaintiff's failure to prosecute.

Discussion.  The judge's stated reasons for the dismissal -- that "Waters indicated that he had 'no witnesses'; and that he was unable to articulate his damages" were incorrect.  "Involuntary dismissal is a drastic sanction which should be utilized only in extreme situations."  Monahan v. Washburn, 400 Mass. 126, 128 (1987).  Given these errors, dismissal was an abuse of discretion.  See Anderson v. Sport Lounge, Inc., 27

---

[6] The issue of witness intimidation, if still relevant, could be addressed on remand through proper pleadings establishing that a named person is a witness or potential witness in this civil proceeding.  Of course, the judge can require the parties to provide a witness list identifying all potential witnesses and the parties may subpoena witnesses to testify at trial.

[7] Kearney told the judge that he intended to move for summary judgment on the ground that the statement at issue in the remaining libel claim included the word "alleged[ly]."  We note that that issue was litigated in Waters I and the defendants lost.

Mass. App. Ct. 1208, 1209 (1989) ("Courts have inherent power to dismiss a case for lack of prosecution"; those decisions are within "sound discretion of the judge"); Munshani v. Signal Lake Venture Fund II, LP, 60 Mass. App. Ct. 714, 718 (2004) (review judge's exercise of inherent powers to manage cases for abuse of discretion).

A libel claim requires a showing of "false and defamatory written communication of and concerning the plaintiff." McAvoy v. Shufrin, 401 Mass. 593, 597 (1988). Here, the plaintiff had repeatedly sworn in his filings that he had "never bought or sold drugs in California." At the pretrial conference, when the plaintiff stated he had no witnesses, the plaintiff was stating that he did not have witnesses other than himself to offer testimony. Accordingly, it was incorrect on this record to dismiss the remaining claim on the basis that the plaintiff had no witnesses. Once the plaintiff offers his own testimony at trial, "it [will be] up to the defendant[s] to prove truth as an affirmative defense." Id. See Maloof v. Post Publ. Co., 306 Mass. 279, 280 (1940).[8]

The judge also made an error of law on the issue whether the plaintiff could prove damages. A statement accusing a

---

[8] Of course, on remand, the judge can require each party to provide a witness list prior to the pretrial conference pursuant to Superior Court Standing Order 1-88 (2023).

person of a crime constitutes defamation per se.  McAvoy, 401 Mass. at 597-598.  While a plaintiff alleging libel must show economic damages, defamation per se does not require proof of economic loss.  See Phelan v. May Dep't Stores Co., 443 Mass. 52, 56 (2004); Ravnikar v. Bogojavlensky, 438 Mass. 627, 630 (2003).  In addition, the plaintiff's affidavits set forth the testimony he could provide about the harm he allegedly suffered from the defendants' conduct.  The judge therefore committed error when he based the order of dismissal on the plaintiff's inability to articulate damages.  See Van Christo Advertising, Inc. v. M/A-COM/LCS, 426 Mass. 410, 417 (1998) (abuse of discretion review "includes considering whether proper legal standards were applied").  Dismissal for failure to prosecute is a harsh punishment reserved for "extreme situations" and was not warranted here.  Monahan, 400 Mass. at 128.

We can affirm for any ground supported by the record.  See, e.g., Gabbidon v. King, 414 Mass. 685, 686 (1993).  However, Mass. R. Civ. P. 41, 365 Mass. 803 (1974), outlines the circumstances in which a judge may dismiss an action before trial either voluntarily or involuntarily, none of which applied here.  Pursuant to rule 41 (a) (1), after the defendant has answered the complaint, the plaintiff may voluntarily dismiss the complaint by filing a stipulation signed by all parties.  Thus, the plaintiff's telling the judge "[i]f I can't have a

6

fair trial, there's not going to be a trial" and asking for the case to be "closed," did not amount to grounds for voluntary dismissal that complied with rule 41 (a).

Alternatively, under rule 41 (b) (1), a judge may enter an involuntary dismissal on the judge's own motion if an action has remained on the docket for three years "without activity shown other than placing upon the trial list, marking for trial, being set down for trial, the filing or withdrawal of an appearance, or the filing any paper pertaining to discovery." Given the plaintiff's flurry of filings, dismissal on the court's motion could not be in compliance with rule 41 (b) (1) and, in any event, the judge would have had to give the plaintiff not less than one year's notice under the rule.

Similarly, dismissal could not have been pursuant to rule 41 (b) (2). First, the defendants did not move for dismissal and certainly did not move for dismissal with notice. Second, as already indicated, there was no such inactivity on the docket. Third, the portion of the rule that permits dismissal in an action tried by the court without a jury did not apply.

Conclusion. We vacate the judgment entered August 31, 2022, dismissing the plaintiff's claim and remand the matter to

the Superior Court for further proceedings consistent with this memorandum and order.[9]

So ordered.

By the Court (Henry, Grant & Brennan, JJ.[10]),

Assistant Clerk

Entered:   May 28, 2024.

---

[9] To the extent the plaintiff believes he needs an accommodation for a disability, he needs to properly ask for an accommodation.  See Massachusetts Court System, How to ask for a court accommodation under the Americans with Disabilities Act, https://www.mass.gov/info-details/how-to-ask-for-a-court-accommodation-under-the-americans-with-disabilities-act.

[10] The panelists are listed in order of seniority.