NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-496

NATIONSTAR MORTGAGE LLC[1]

vs.

RICHARD ZEULI & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

As framed by the express agreement of the parties, this postforeclosure summary process case presented a straightforward issue for resolution, which was "whether as a matter of law the [defendant Brenda Zeuli] was entitled to [an] additional notice of default as a result of a modification entered into by the parties in 2016."  Based upon the documents and papers submitted, a Housing Court judge ruled that by regulation of the United States Department of Housing and Urban Development (HUD), the plaintiff Nationstar Mortgage LLC (Nationstar) was required

_____

[1] Doing business as Mr. Cooper.

[2] Brenda Zeuli, formerly known as Brenda Macchi, and Mason Zeuli.

to send an additional notice of default as a result of the parties' 2016 loan modification, that no such notice had been given, and accordingly that Nationstar's foreclosure should be disregarded and that Nationstar was not entitled to possession.

On appeal Nationstar argues that the 2016 "Loan Modification Agreement" (2016 LMA) that the parties signed did not "reinstate" Zeuli's loan, and thus that no new notice of default was required by the HUD regulation. The basis for this argument is that the 2016 LMA was essentially "identical" to a loan modification agreement the parties entered into in 2014 (2014 LMA), and that accordingly there was no "consideration" for the 2016 LMA and it had no force or effect. On the agreed-upon record before the judge, however, there was no error in the judge's conclusion as to the legal issue presented to him. We accordingly affirm.

Background. Richard Zeuli (Richard) and Brenda Zeuli (Brenda) (together, the Zeulis) purchased the subject property in Peabody in 2003, and jointly executed a promissory note and mortgage. In 2011, Nationstar was appointed as the servicer for the lender. The mortgage was assigned to Nationstar in January of 2013.

Between 2003 and 2014, the Zeulis executed several loan modifications. In May of 2014 the Zeulis divorced, and Richard conveyed his interest in the property to Brenda by quitclaim

2

deed.  For most of 2014, the Zeulis were in arrears on their loan.

In October of 2014, the parties entered into another loan modification, the 2014 LMA, which increased the loan amount and changed the monthly payment obligation, among other items. Richard and Brenda signed this modification in November of 2014, and Nationstar signed it in February of 2015.  It is undisputed that the 2014 LMA "reinstated" the loan within the meaning of the relevant HUD regulations.

Following the 2014 LMA, the Zeulis again missed payments. It is undisputed that in April of 2015, Nationstar sent notices of default to Richard and Brenda.  On May 13, 2015, Nationstar sent both Richard and Brenda letters informing them of their right to cure their delinquency, pursuant to G. L. c. 244, § 35A, as amended through St. 2010, c. 258, § 7 (effective Aug. 7, 2010); Nationstar also sent Richard a letter informing him of his right to request a modified mortgage loan, pursuant to G. L. c. 244, § 35B.  In December of 2015, Nationstar initiated foreclosure proceedings.

In November of 2016, while the foreclosure was pending, Brenda and Nationstar (but not Richard) signed another loan modification, the 2016 LMA at issue here.  While much of the language in the 2016 LMA is identical to the 2014 LMA, there are differences between them.  In addition to the absence of Richard

3

as a signatory, the 2016 LMA contains two new paragraphs:  new paragraph 8 states that Brenda will remain liable for her attorney's fees in any action arising out of or relating to the 2016 LMA, while paragraph 9 states Brenda's "understand[ing]" that certain mortgage insurance provisions may change.

Although the Zeulis remained in default after the signing of the 2016 LMA, Nationstar did not send the Zeulis a new notice of default.  In November of 2019, Nationstar completed the foreclosure sale, at which Nationstar was the highest bidder. Nationstar recorded the foreclosure deed, the Zeulis did not vacate the property, and in February of 2020 Nationstar commenced a summary process action against the Zeulis in the Housing Court.  Brenda filed an answer and asserted numerous affirmative defenses and counterclaims, as to which the judge granted summary judgment against Brenda on all but one.

The one defense that remained was Brenda's argument that Nationstar failed to comply with HUD regulations regarding the provision of notices of default.  The parties subsequently agreed to submit this remaining issue, namely, "whether as a matter of law the Defendant was entitled to additional notice of default as a result of a modification entered into by the parties in 2016," to the judge to be decided on the papers the parties submitted.  By agreement, there would be no testimony.

4

The judge ruled that the 2016 LMA constituted a new contract between Nationstar and the Zeulis, which created new obligations for Brenda (and discharged Richard's obligations). Accordingly, the judge found that the 2016 LMA "reinstated the loan." The judge then ruled that under the relevant HUD regulations, "Plaintiff was required to send a new default notice to Defendant Brenda Zeuli after November 27, 2016. Because Plaintiff did not comply with this regulatory requirement, the foreclosure did not comply with the terms of the Mortgage." As a result, judgment for possession entered for the defendants. Nationstar filed several postjudgment motions, which were denied except for Nationstar's motion for clarification; the judge clarified that the effect of the 2016 LMA "was to remove the former owner Richard Zeuli from the loan, as the modified mortgage superseded and replaced the terms of any prior mortgages, including the identities and number of obligors under the loan contract." This appeal followed.

Discussion. Nationstar argues that it received no consideration for the 2016 LMA, and thus that the 2016 LMA did not reinstate the loan and no new notice of default was required. The judge ruled, to the contrary, that the 2016 LMA "reinstated" the loan. We agree that the 2016 LMA was not identical to the 2014 LMA, and that the differences were material. New paragraph 8 of the 2016 LMA contains a concession

5

by Brenda that she will not seek to recover her attorney's fees "[i]n the event of any action(s) arising out of or relating to this Agreement."  New paragraph 9 documented certain "understand[ings]" of Brenda as to how her mortgage insurance premiums might change.  Consideration is defined as "either a benefit to the promisor or a detriment to the promisee."  Miller v. Cotter, 448 Mass. 671, 684 n.16 (2007), quoting Marine Contrs. Co. v. Hurley, 365 Mass. 280, 286 (1974).  "It is sufficient if the consideration be of some value, though slight, or of a nature which may enure to the benefit of the party making the promise."  Sewall-Marshal Condominium Ass'n v. 131 Sewall Ave. Condominium Ass'n, 89 Mass. App. Ct. 130, 134 (2016), quoting Newhall v. Paige, 76 Mass. 366, 368 (1858).  The above changes in the 2016 LMA are substantive; although they may be of "slight" value, they meet the definition of "consideration" sufficient to support a contract.  We therefore reject Nationstar's arguments that the new paragraphs can simply be ignored, as nonmaterial.[3]

---

[3] As noted, the parties agreed to present this case as involving only an issue of law.  Nationstar provided no evidence as to the purpose of the 2016 LMA or the new paragraphs added to the 2016 LMA, nor could it without altering the nature of the question presented.

6

We accordingly disagree with the legal argument that Nationstar advanced below.[4]  Although on appeal Nationstar seems also to advance a _factual_ argument that even if the 2016 LMA was valid, Nationstar did not in fact "reinstate" the Zeulis' loan on its books, that argument was not made in the trial court and indeed, is contrary to the parties' agreement that the remaining issue for the court could be decided as a matter of law.  The argument is accordingly waived.  See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006), quoting Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").  We also express no opinion on whether in another case the signing of a document described as a "loan modification agreement" necessarily "reinstate[s]" a loan for purposes of requiring a new notice of default under HUD regulation 24 C.F.R. § 203.602

---

[4] Nationstar argues on appeal that the judge erred in stating that the 2016 LMA discharged Richard's obligations under the note.  We agree.  The note was a separate instrument, and the 2016 LMA specifically states that "[n]othing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.  Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged."  This error does not affect our conclusion, however, that the 2016 LMA was supported by consideration -- namely, the additional paragraphs in the LMA.  We may affirm on any ground supported by the record.  Lopes v. Commonwealth, 442 Mass. 170, 181 (2004), quoting Gabbidon v. King, 414 Mass. 685, 686 (1993).

(2025);[5] Nationstar did not advance an alternative argument that the 2016 LMA, even if supported by valid consideration, nevertheless did not "reinstate" the loan for purposes of the HUD regulation, and accordingly that issue is not before us.[6]

> Judgment affirmed.
>
> By the Court (Desmond, Ditkoff & Englander, JJ.[7]),

*Paul Little*

Clerk

Entered:  July 2, 2025.

---

[5] 24 C.F.R. § 203.602 states

"The mortgagee shall give notice to each mortgagor in default on a form supplied by the Secretary or, if the mortgagee wishes to use its own form, on a form approved by the Secretary, no later than the end of the second month of any delinquency in payments under the mortgage.  If an account is reinstated and again becomes delinquent, the delinquency notice shall be sent to the mortgagor again, except that the mortgagee is not required to send a second delinquency notice to the same mortgagor more often than once each six months.  The mortgagee may issue additional or more frequent notices of delinquency at its option." (Emphasis added).

Neither the parties nor the judge addressed the meaning of the world "reinstate[]" in the regulation.

[6] Nationstar has not provided us with its briefing below. In any event, Nationstar has presented the issue on appeal as "a basic question of contract law -- whether the November 2016 Document was a re-execution of the October 2014 Agreement or rather a separate agreement of independent legal significance supported by new consideration."

[7] The panelists are listed in order of seniority.