NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1344

GARTH JAMES-DUNCAN

vs.

JOEL BROOKS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff initiated the underlying action on June 4, 2024, in the Housing Court after the defendant, the plaintiff's landlord, engaged in unlawful self-help eviction in violation of G. L. c. 186, § 14.  A judge issued a temporary restraining order against the landlord, and a second judge (hearing judge) issued another order (consent order) after a hearing on June 6, 2024, in which the defendant agreed to halt the self-help eviction action and the plaintiff agreed, among other conditions, to vacate the property on or before July 1, 2024.  On June 24, 2024, the plaintiff moved to terminate[1] the consent

_____

[1] While the plaintiff titled his June 24, 2024 motion as a "motion to vacate," he did not challenge the grounds on which the consent order was earlier entered, but sought only to

order, and the hearing judge denied the motion but extended the consent order to July 12, 2024, with a hearing scheduled for that date. Ultimately, the hearing judge dismissed the case with prejudice after the hearing. On appeal, the plaintiff claims several errors. We affirm.

1. Enforcement of orders. The plaintiff claims that the housing court did not enforce the temporary restraining order and the consent order, alleging several violations of the orders by the defendant. We disagree with the plaintiff's claims, as the only evidence put forth to support the allegations was the plaintiff's own testimony, which the hearing judge did not credit. See Corrado v. Hedrick, 65 Mass. App. Ct. 477, 484 (2006).

The plaintiff also claims that these alleged violations breached the plaintiff's right to quiet enjoyment and protection from unlawful interference by the landlord. Notwithstanding the fact that the hearing judge did not credit the allegations of the plaintiff at the July 12, 2024 hearing, these arguments are raised for the first time on appeal and therefore are waived. Boss v. Leverett, 484 Mass. 553, 563 (2020) ("issues not raised below cannot be argued for the first time on appeal").

---

prevent its further application. Accordingly, the motion sought to terminate, not vacate, the consent order. See MacDonald v. Caruso, 467 Mass. 382, 384 n.4 (2014).

2

2. Right to privacy. The plaintiff also argues that there was a violation of his right to privacy with respect to claims that the defendant has photographs and video recordings of the plaintiff's home. Where the plaintiff was aware of these alleged photographs and video recordings since June 6, 2024, and at no point raised this argument prior to this appeal, we treat it as waived. See Boss, 484 Mass. at 563.

3. Denial of motion to terminate consent order. The plaintiff alleges that it was an abuse of discretion for the judge to deny the plaintiff's motion to terminate the consent order. Again, we disagree.

We review a motion to terminate an order for abuse of discretion. See MacDonald v. Caruso, 467 Mass. 382, 383 (2014). A decision constitutes an abuse of discretion where the action is "outside the spectrum of reasonable alternatives presented to the judge" (emphasis omitted). Audubon Hill S. Condominium Ass'n v. Community Ass'n of Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 472 (2012). "A judge's decision will not be overturned, except upon a showing of a clear abuse of discretion." Adoption of Quan, 470 Mass. 1013, 1014 (2014), quoting Scannell v. Ed. Ferreirinha & Irmao, Lda., 401 Mass. 155, 158 (1987).

Here, there was no abuse of discretion where the judge heard the allegations of the plaintiff in support of his motion

3

to terminate and did not credit them. "Credibility determinations . . . are matters for the hearing judge to decide." S.T. v. E.M., 80 Mass. App. Ct. 423, 429 (2011). The judge's decision to deny the motion to terminate was well within the reasonable range of alternatives, given that the judge did not credit the plaintiff's assertions and the plaintiff did not put forth other evidence to support his motion.

4. Due process. The plaintiff also claims that he did not receive notice of the defendant's motion filed July 1, 2024, where the defendant moved to amend the terms of the consent order. Because he did not receive notice, the plaintiff alleges that he was denied due process. We disagree.

The plaintiff did not include the entire transcript of the July 12, 2024 hearing; however, what is present in the record before us demonstrates that this argument is raised for the first time on appeal, and therefore it is waived. See Boss, 484 Mass. at 563.

Furthermore, even if this claim were not waived, it is without merit. A due process violation requires a showing of prejudice. Doucette v. Massachusetts Parole Bd., 86 Mass. App. Ct. 531, 537 (2014). The plaintiff has not shown prejudice here, as the hearing judge delayed the date to vacate the property for the plaintiff, and the hearing judge also gave the plaintiff the opportunity to be heard on July 12, 2024.

4

Furthermore, the judge never ruled on the defendant's motion to amend, again illustrating the lack of prejudice to the plaintiff.

5. Dismissal with prejudice. Finally, the plaintiff also claims it was error to dismiss the case with prejudice. We disagree.

We review an order of dismissal de novo. See Friedman v. Division of Admin. Law Appeals, 103 Mass. App. Ct. 806, 814 (2024). Among the numerous grounds for which an order of dismissal is warranted is when the plaintiff is unable to state a claim on which relief can be granted. See Mass. R. Civ. P. 12 (b) (6), as appearing in 482 Mass. 1501 (2019). Here, there was no more relief available to the plaintiff where he agreed to vacate the property for failure to pay rent, and the judge did not credit the plaintiff's further allegations regarding the defendant violating the consent order. See Xarax X. v. Yale Y., 102 Mass. App. Ct. 699, 701-702 (2023). See generally Gabbidon v. King, 414 Mass. 685, 686 (1993) ("we may consider any ground

apparent on the record that supports the result reached in the lower court").

Judgment affirmed.

By the Court (Meade,
  Massing & Brennan, JJ.[2]),

Clerk

Entered:  February 18, 2026.

---

[2] The panelists are listed in order of seniority.